**S. F. BOWSER & CO., Inc., v. GILBERT & BARKER MFG. CO.**

No. 7667.

Circuit Court of Appeals, Seventh Circuit.

Jan. 7, 1942.

Albert J. Fihe, of Chicago, Ill., Edmund W. E. Kamm, of Fort Wayne, Ind., and Warren H. Orr, of Chicago, Ill. (Orr, Vail, Lewis & Orr, of Chicago, Ill., of counsel), for appellant.

J. Lewis Stackpole, of Boston, Mass., Franklin G. Neal, of Springfield, Mass., and Harry W. Lindsey, Jr., of Chicago, Ill., for appellee.

Before MAJOR, KERNER and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment of dismissal, entered December 27, 1940, of plaintiff's suit to recover damages from the defendant on account of infringement of the two patents in suit, owned by the plaintiff.

The patents are Lanser Re-issue No. 20,-369, dated May 18, 1937, and Griffith Re-issue No. 21,186, dated August 29, 1939. The Lanser original No. 1,783,510, was applied for November 16, 1928, and issued December 2, 1930. The Griffith original No. 2,044,727, was applied for August 27, 1928, and issued June 16, 1936. Lanser Re-issue contains 13 claims, and Griffith Re-issue, 20 claims. Claims 3, 5, 7, 10, 11 and 12 of Lanser, and Claims 6, 17, 18, 19 and 20 of Griffith were declared on in the instant suit.

Lanser is entitled a "Liquid Measuring Apparatus" and Griffith an "Air Release Mechanism for Dispensing Apparatus." In a general way both of the patents relate to a gasoline dispensing apparatus such as is commonly found at gasoline filling stations. They have to do more particularly with the mechanism described and claimed for separating air from the liquid in order that it may not be included in the liquid gasoline upon its delivery.

Here, as in the court below, plaintiff relies upon Claims 3 and 5 of Lanser, and

Claims 6 and 17 of Griffith as representative of those in suit. They are as follows:

### Lanser

3. An apparatus of the class described comprising a supply reservoir, a gas and liquid separator having a gas discharge port and a liquid discharge port, means including a pump for passing the liquid from the supply reservoir to said gas and liquid separator, a stand pipe for separating the liquid from the gas passing through said gas discharge port, said pipe communicating with the latter and with the atmosphere, a liquid recovery chamber communicating with said pipe, and float valve controlled means for returning the liquid from the chamber to the suction side of the pump.

5. In combination with a pump for liquid having a suction chamber and an outlet chamber, an air separating means having a receiving chamber and a float chamber provided with a restricted air passageway therebetween, said receiving chamber having communication with the outlet chamber of said pump and provided with a liquid discharge outlet, a connection for liquid between said float chamber and the sucting chamber of said pump, said float chamber having an air vent, and a float actuated valve including a float in said float chamber for controlling said connection.

### Griffith

6. An apparatus of the class described comprising a supply reservoir, a gas and liquid separator having a constantly open, fixed size, small bore gas discharge port, and a liquid discharge port, means for passing the liquid from the supply reservoir to said gas and liquid separator, a standpipe for separating the liquid from the gas passing through said gas discharge port, said pipe communicating with the latter port and, at its outer end, with the atmosphere, and a liquid recovery chamber communicating with the inner end of said pipe.

17. A liquid delivery apparatus of the character described comprising a liquid flow system including a liquid supply reservoir and a liquid flow line leading from said liquid supply reservoir to a dispensing nozzle, a displacement meter in said line, a gas separator in said line in advance of said meter to remove gases from the liquid delivered through the meter, said separator having a main separator chamber having a main liquid discharge port connected to said flow line, means for forcing liquid under pressure from the supply reservoir to said separator and through said meter and through the dispensing nozzle, means for controlling the liquid flow through said dispensing nozzle, said separator chamber also having a constantly opened but restricted liquid and gas discharge through which gas and a relatively small volume of liquid will constantly flow during dispensing, and an additional gas and liquid separating means connected to said restricted discharge of said chamber for separating the liquid from the gas passing through said restricted discharge, said additional separating means having an upstanding pipe communicating with the atmosphere at an elevation above that of the separating chamber and means forming a liquid recovery line communicating with said additional gas and liquid separating means for returning the liquid passing through said restricted discharge back to the system.

Plaintiff contends that since the advent of the gasoline dispensing unit which included a displacement meter, the industry was confronted with the problem of separating or eliminating air from gasoline, and that Griffith solved the problem by developing a chamber into which the liquid entered under pressure, the chamber having a restricted opening at its top for the discharge of separated air and some liquid, and another and larger opening adjacent its bottom for discharge of solid liquid. In connection with this alleged solution of the problem, Griffith employed a stand pipe venting to atmosphere and a recovery line for carrying the liquid which passes through the restricted orifice back to the reservoir. In addition to Griffith, Lanser, in a structure similar to that of Griffith, included a recovery chamber connected to the stand pipe air vent, the recovery chamber having a return connection to the suction side of the pump and a float valve in the recovery chamber for controlling this connection.

The defenses relied upon were lack of invention over the prior art and non-infringement. Other minor issues are presented here as in the court below which, we think, are of no consequence, in view of the attendant circumstances. The court below made extensive findings of fact and conclusions of law, predicated upon its written opinion. S. F. Bowser & Co. v. Gilbert & Barker Mfg. Co., 37 F.Supp. 977. As will be noted by a reading of this opinion, the District Court made a thorough

and clear statement of the facts involved and the issues presented by the respective parties. The same representative claims, argued here, were considered. Much of the prior art, relied upon by the defendant, was analyzed and compared with the structures of the patents in suit, and the court reached the conclusion that the patents in suit were invalid in view of such art.

Little, if any, criticism is offered here as to the findings made by the District Court. The main attack is upon the court's conclusion that the patents in suit were anticipated by the prior art. From a study of the record as presented here, in connection with the opinion of the lower court, we are convinced that its reasoning is sound and its conclusion correct. Our conviction in this respect is such that we are certain it would be futile for us to attempt to improve upon the opinion of Judge Wilkerson. We therefore adopt his opinion as that of this court and hold the patents in suit invalid for lack of invention over the prior art.

The judgment appealed from is therefore affirmed.